IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVON NEWTON,<br>    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-919-KSM |
| | : | |
| ABINGTON MEMORIAL<br>HOSPITAL,<br>    Defendant. | :<br>:<br>: | |

**MEMORANDUM**

Marston, J.                                                                                                    April 2, 2025

        Pro se Plaintiff Devon Newton brings this civil action against Abington Memorial Hospital, its medical staff, and administrative employees. (*See* Doc. No. 2 at 1, 3 (stating that he is "suing Abington Memorial Hospital" and "filing a civil rights suit against Abington Memorial Hospital medical staff and hospital administration").) Newton also seeks leave to proceed *in forma pauperis*. (Doc. No. 1.) For the following reasons, the Court grants Newton's application to proceed *in forma pauperis* and dismisses his Complaint with prejudice.

**I.    FACTUAL ALLEGATIONS**[1]

        Broadly, Newton alleges that on August 9, 2020, the mother of his child was the victim of medical malpractice, attempted murder, and/or a conspiracy to take their child away. (*See generally* Doc. No. 2.) Although difficult to follow, his specific allegations are best understood as falling into three buckets.

        First, Newton alleges that unspecified hospital staff "tamper[ed] with the birth and labor of [his] child" with the intention of switching the child at birth. (*Id.* at 1–2.) Newton claims that

---

[1] The factual allegations set forth in this Memorandum are taken from the Complaint (Doc. No. 2), which consists of a handwritten letter. The Court adopts the sequential pagination supplied by the CM/ECF docketing system to the entire submission. Punctuation, spelling, and capitalization errors in the Complaint have been cleaned up.

hospital personnel interfered with "[his] child and child's mother['s] identity, identification, DNA, blood, skin, hair, [and] genetic makeup." (*Id*. at 1.)

Second, Newton alleges that his child's mother was coerced into having an epidural, which he refers to as a "lethal injection," following "oppressive passive aggressive words of giving her [an] ultimatum [about having] a c-section." (*Id*. at 3.)  He asserts that by giving the child's mother the epidural, hospital staff "put[] her to death with the status of legally dead pronounced at Abington Memorial Hospital." (*Id*.)  He also appears to allege that the epidural caused a birth defect in his son, who now suffers from "epilepsy from traces of chemical warfare epidural shot." (*Id*.)

Third, Newton makes a cryptic reference to "correctional officers and government officials imitating, emulating, and impersonating medical staff with intentions of locking [him] up" and asserts that "[t]he medical staff were prison administration medical staff . . . using the Abington Memorial Hospital security as a[n] intimidation tactic" to force Newton to leave the hospital and separate him from his child and the child's mother. (*Id*. at 1–3.)

In addition to these allegations, Newton attaches to the Complaint a seemingly unrelated, handwritten "Motion to QuashDruple: on the Grounds of Double Double Jeopardy," in which he appears to assert claims of prosecutorial misconduct against an unspecified prosecutor and a Fourth Amendment claim based on an August 9, 2022 strip search.[2] (*Id*. at 4–7.)

## II.   MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Because Newton is unable to pay the filing fee in this matter, the Court grants him leave to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the

---

[2] Newton attaches the same motion to the complaint in another case currently pending before this Court, *Newton v. Certified Emergency Response Team*, Civil Action No. 25-261, Doc. No. 2.

commencement of a lawsuit "without prepayment of fees or security" upon a showing that a litigant is "unable to pay such fees or give security therefor").

**III.   SCREENING UNDER § 1915(E)**

Because the Court grants Newton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted." *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

**A.   Legal Standard**

In analyzing a complaint under § 1915(e)(2)(B)(ii), the Court uses the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). So, the Court must determine whether Newton's Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted). Conclusory allegations do not suffice. *Id.* However, because Newton is proceeding pro se, the Court liberally construes the allegations in his Complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established.").

**B.   Claims Brought on Behalf of Others**

Newton appears to allege claims on behalf of his son and the son's mother. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case pro se or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual

3

citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)). Although an individual may represent himself pro se, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Thus, to the extent Newton is asserting claims on behalf of his son and his son's mother, those claims are dismissed without prejudice due to Newton's pro se status.

  **C.** **Newton's Claims Against Abington Memorial Hospital and Its Staff**

Newton names as Defendants in this action Abington Memorial Hospital, its "medical staff and hospital administration." (Doc. No. 2 at 1, 3.) He also vaguely refers to the involvement of "the Abington Memorial Hospital Security" in violating his civil rights. (*Id.*) As noted above, the exact nature of Newton's claims against these Defendants is unclear. He does, however, state that his intent was to "fil[e] a civil rights suit" against the hospital, and he asserts that the hospital committed "medical malpractice" and that its staff was part of a "conspiracy" against him, the mother of his child, and his son. (Doc. No. 2 at 1–3.) Accordingly, the Court understands him to be asserting constitutional violations along with state law claims.

  **1.** **Civil Rights Violations under § 1983**

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those

4

not acting under color of law."). In addition, an individual "defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)). Here, Newton has not stated a plausible § 1983 claim against the hospital or its employees.

First, the hospital is a private entity[3] that does not appear to be a "state actor" subject to liability under § 1983. Whether a defendant is acting under color of state law—i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).

---

[3] According to the Pennsylvania Secretary of State's website, Abington Memorial Hospital is a Pennsylvania non-profit corporation. *See* https://file.dos.pa.gov/search/business (last viewed March 13, 2025). The Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Courts in this Circuit and elsewhere consistently hold that private health care companies, like the hospital here, are generally not state actors. *See Pa. Informed Consent Advocs. Inc. v. Univ. of Pa. Health Sys.*, No. 21-4415, 2022 WL 2316648, at *3 (E.D. Pa. June 28, 2022) (quoting *Beckerich v. St. Elizabeth Med. Ctr.*, 2021 WL 4398027, at *3 (E.D. Ky. Sept. 24, 2021) ("Private hospitals, no matter how much federal funding they may receive, are generally not state actors for purposes of constitutional questions.")); *see also Hall v. Horizon House*, 414 F. Supp. 3d 720, 722 (E.D. Pa. 2019) (collecting cases showing medical facilities are not made state actors by receipt of government funding or imposition of government licensing and regulation).

Moreover, nothing in the Complaint suggests that the hospital or its employees qualified as state actors on the date in question. The Court cannot infer state action based on the alleged involvement of hospital security personnel because "[p]rivate security guards who lack statutory police power . . . are not state actors," and there is no indication here that hospital security guards had such powers.[4] *See Baack v. Rodgers*, No. 14-875, 2014 WL 4632380, at *4 (E.D. Pa. Sept. 17, 2014) (collecting cases). Nor does the Complaint allege any other facts pertaining to the conduct of these Defendants that would indicate they were state actors under the three tests

---

[4] Although Newton makes a passing reference in the Complaint to "correctional officers and government officials imitating, emulating, and impersonating medical staff with intentions of locking me up," he does not further develop these conclusory and fanciful allegations involving unspecified governmental actors, so the Court need not take them as true. (Doc. No. 2 at 1.)

outlined by the Third Circuit. Thus, Newton has failed to state a § 1983 claim as against the hospital and its employees.

In the alternative, the claims against the employees fail because Newton alleges misconduct by vague groups of unidentified individuals ("medical staff" and "hospital administration"), without identifying any specific employee. *See Iqbal*, 556 U.S. at 678; *see also Miller v. Bedford County*, No. 18-10, 2018 WL 5624175, at *3 (W.D. Pa. Aug. 10, 2018) ("Although it is permissible to name a John Doe defendant when the identity of a specific person is unknown but can be ascertained through discovery . . . the use of a John Doe designation for a floating class of individuals in the hopes of tolling the statute of limitations should a cause of action come to light against new individuals is disfavored."), *report and recommendation adopted*, 2018 WL 5619709 (W.D. Pa. Oct. 30, 2018).

Finally, even if Newton had alleged sufficient facts to satisfy the state action and specific actor requirements, his § 1983 claims would still fail because they are untimely. To the extent discernable, the events giving rise to Newton's claims took place on August 9, 2020. (*See* Doc. No. 2 at 2.) Although the failure to comply with the applicable statute of limitations is an affirmative defense generally to be raised by the defendant in a responsive pleading, "[a] complaint is subject to [*sua sponte*] dismissal for failure to state a claim on statute of limitations grounds . . . when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

A statute of limitations generally begins to run when a cause of action accrues. *See William A. Graham Co. v. Haughey*, 646 F.3d 138, 147 (3d Cir. 2011). "[T]he accrual date of a [Section] 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The "standard rule" under federal law is

7

that a claim accrues "when the plaintiff has a complete and present cause of action." *Gabelli v. SEC*, 568 U.S. 442, 448 (2013) (citation omitted); *see also Haughey*, 646 F.3d at 146–47. It is often the case, then, that a claim accrues—and the statute of limitations begins to run—when the violation or injury occurs. This is sometimes referred to as the "occurrence rule." *See G.L. v. Ligonier Valley Sch. Dist. Auth.*, 802 F.3d 601, 613 (3d Cir. 2015). Newton's claims, to the extent discernable, allege tortious conduct where the nature of the injury was immediately apparent; thus, his claims accrued when the incidents occurred (i.e., August 9, 2020). *See Bullock v. Borough of Roselle*, No. 17-13208, 2018 WL 4179481, at *9 (D.N.J. Aug. 31, 2018) (noting that "under federal law, a tort generally accrues as of the date of the incident on which the tortious conduct took place.") (citation and internal quotation marks omitted).

The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). The Pennsylvania statute of limitations for a personal injury action is two years. *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Thus, for Newton's claims to be timely, he would have had to file them no later than August 9, 2022. Because Newton filed this action on February 18, 2025, his § 1983 claims are barred by the statute of limitations.

Accordingly, Newton's § 1983 claims against the hospital and its employee are dismissed. This dismissal is with prejudice because his claims are untimely, rendering futile any attempt to amend.

    **2.**    **State Law Claims**

Because the Court has dismissed his federal claims, we will not exercise supplemental jurisdiction over any state law claims Newton may have intended to assert. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants

8

a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Newton does not allege the citizenship of the parties. Nor does he assert any amount in controversy, much less one meeting the $75,000 threshold necessary for diversity jurisdiction. Accordingly, Newton has not sufficiently alleged facts to establish the Court's jurisdiction over any state law claims he intends to pursue, and the Court dismisses his state law claims for lack of jurisdiction. This dismissal is without prejudice to Newton's right to assert those claims in a forum with the necessary jurisdiction.

## IV. CONCLUSION

For the reasons stated, the Court dismisses Newton's Complaint pursuant to 28 U.S.C. 1915(e)(2)(b)(ii). To the extent Newton attempts to assert claims on behalf of non-parties, those claims are dismissed without prejudice given his pro se status. As to Newton's own claims, his federal claims are dismissed with prejudice. To the extent that Newton sought to bring any state law claims, those claims are dismissed without prejudice for lack of subject matter jurisdiction. The Court concludes that amendment would be futile because Newton cannot cure the deficiencies in his federal law claims, and the Court declines to exercise supplemental jurisdiction over his state law claims. An appropriate Order follows.